## Norris v. Norris

*William H. Lamb* and *John H. Wollman,* for plaintiff.

*Albert Momjian, Ronald Sales* and *Thomas A. Riley Jr.,* for defendant.

SHENKIN, *J.,* March 28, 1991—Plaintiff has filed a petition seeking to compel defendant to file an affidavit of consent. Plaintiff asserts that defendant in fact believes that the marriage is irretrievably broken and that she has taken that position on many occasions both informally and, most importantly, under oath as a matter of law in a divorce action in the state of Florida. In the petition for dissolution of marriage filed in Florida on behalf of Diana S. Norris, defendant in this action, it was asserted that "the parties' marriage is irretrievably broken." In the Florida action, Mrs. Norris was requested to admit that her "marriage to Charles H. Norris is irretrievably broken" and her response thereto was "admitted."

Accordingly, the issue before the court in this matter is whether or not a defendant in a divorce action who has acknowledged that the marriage is irretrievably broken and has even taken that position as a matter of law in a legal proceeding in another jurisdiction, can be required to file his or her affidavit of consent in a divorce action in Pennsylvania.

Because the affidavit is one of *consent* and not merely an affidavit that the marriage is irretrievably broken, we hold that defendant in this case is not required to consent to the divorce and file her

affidavit thereof even if she absolutely and firmly believes that the marriage is in fact irretrievably broken.

Section 201(c) of the Divorce Code, 23 P.S. §201(c), does *not* provide that the court may grant a divorce just because a marriage is irretrievably broken. On the contrary, that section provides that "it shall be lawful for the court to grant a divorce where . . . an affidavit has been filed by each of the parties evidencing that *each of the parties consents* to the divorce." Thus the document to be filed is entitled "affidavit of consent" not "affidavit of irretrievable breakdown." There are two conditions which must be met before a party may file an affidavit of consent: (1) a complaint must have been filed alleging that the marriage is irretrievably broken; and (2) 90 days must have elapsed from the date of the filing of the complaint. But proving a proposition does not prove its obverse, either in logic or in law, so that although an affidavit of consent cannot validly be filed unless both of those conditions have been met, it does not follow that when the conditions have been met the affidavit must be filed. The Divorce Code does not require—and there is no authority elsewhere which requires—a party to consent to a divorce and file the necessary affidavit just because the necessary conditions precedent exist.

Moreover, Pa.R.C.P. 1920.42(a)(1) and 1920.72(b) carry out the intent of section 201(c) of the Divorce Code, 23 P.S. §201(c), by requiring each party to verify that the statement, "I consent to the entry of a final decree of divorce," is true and correct.[1] In

---

1. Interestingly enough, it is not the Divorce Code which requires the affidavit to state that the affiant believes that the marriage is irretrievably broken. The Divorce Code requires only that a complaint shall have been filed so alleging and, of course, that the "cooling off" period is over and 90 days have

this case, defendant clearly has not so consented and, at least at the present time, does not intend to so consent and we will not require her to file a false affidavit.

No case has been brought to our attention and we have been unable to find any case on our own in which either party, plaintiff or defendant, has been required to file an affidavit of consent. In fact, in one case, *Berman v. Berman,* 33 D.&C. 3d 134 (1983), a defendant *had filed* such an affidavit and then, three months later, filed a document purporting to withdraw that consent. The court was requested to proceed to issue the divorce decree anyway but declined to do so, ruling that the withdrawal of consent was valid and operated to prevent a divorce pursuant to section 201(c) of the Divorce Code, 23 P.S. §201(c). In *Brems v. Brems,* 21 D.&C. 3d 646 (1982), the parties entered into a consent decree in open court by which *they agreed to be divorced* and agreed to a distribution of all of their marital property. Wife signed, but did not file, her affidavit of consent. She later directed her attorney not to file the affidavit. In an action to enforce that agreement, the terms of the property settlement agreement were enforced but the wife was not required to file her affidavit and no divorce was granted.

"We do not believe the court is empowered or that it would be good policy to direct a party to have consented by virtue of an agreement to do so in the future. Because the status of marriage is of distinctly personal dimensions, a person has an unqualified

elapsed from the filing of the complaint. Divorce Code §201(c), 23 P.S. §201(c). Only in the Rules of Civil Procedure do we find the requirement that *each party* aver that the marriage is irretrievably broken. See Pa.R.C.P. 1920.42(a)(1) and Pa.R.C.P. 1920.72(b). A literal reading of the Divorce Code would require that averment only of the plaintiff and then only in the complaint.

right to change his or her mind and to refuse to consent to be divorced, at least, as here, where the consent, though signed, has not been delivered or filed." *Id.* at 650.

Certainly if a party who had agreed to file an affidavit of consent will not be forced to do so, a party who has never so agreed cannot be forced to do so either. In *Armstrong v. Armstrong,* 34 D.&C. 3d 571 (1985), the plaintiff filed a motion to compel the defendant to sign an affidavit of consent. The court refused, holding that "[T]he court has no authority to compel the defendant to admit facts which she continues to deny." *Id.* at 572. Petitioner argues that the *Armstrong* case is distinguishable because in *Armstrong* the defendant was denying that the marriage was irretrievably broken[2] and here defendant admits that fact. This logic fails, however, because the fact essential to the affidavit, and the fact which defendant in this case is denying and which she continues to deny, is that she consents to the divorce.

Plaintiff has cited several cases[3] in which a plain-

_____

2. In fact in the *Armstrong* case, there was little doubt but that the marriage was irretrievably broken and that even the defendant believed that to be true, since the defendant in *Armstrong* had filed a counterclaim for divorce under section 201(a)(6) of the Divorce Code, 23 P.S. §201(a)(6) (indignities). The court in *Armstrong* found that fact to be another basis for not requiring the defendant to file an affidavit of consent, since the defendant had the same right to pursue the divorce on the counterclaim as plaintiff had to pursue the divorce on the original complaint. We are aware that the same situation might occur in this case.

3. *Rueckert v. Rueckert,* 20 D.&C. 3d 191 (1981); *Way v. Way,* 35 D.&C. 3d 653 (1985); *Burk v. Burk,* 38 D.&C. 3d 558 (1986); and *Mellott v. Mellott,* 1 D.&C. 4th 618 (1988). In each of these cases the plaintiff refused to file an affidavit of consent; in most or all the plaintiff was receiving a benefit, such as alimony pendente lite, from having the case continue

tiff has refused to file such an affidavit and has been ordered to *either* file an affidavit of consent *or* suffer a sanction (dismissal of complaint, termination of order for pendente lite relief, etc.). All of those cases are clearly distinguishable on the basis that the party bringing the action is the party against whom the order was directed, the rationale being that a party will not be permitted to invoke the aid of the court and then frustrate the case from proceeding while receiving benefits inuring from having the case pending. And, we repeat, even then no party was required to file an affidavit of consent. The relief granted was the dismissal of the case or the termination of the benefit accruing from having the action pending but stalled. Such rationale is simply not applicable to a party opposing the action in its entirety and who would consent to its dismissal, but not its progression. In this case, defendant has not sought (indeed has strenuously fought) the aid of the Pennsylvania courts. If she is frustrating the action from proceeding, she is within her legal rights to do so.[4]

---

to be pending but not resolved; and in each case the plaintiff was *not* required to file his or her affidavit of consent, but was simply not permitted to continue to receive the benefit while delaying the disposition of the case and was ordered to *either* file the necessary affidavit *or* have the case dismissed or the benefit terminated, as the case may have been. In each case the choice was left to the plaintiff. In no case did the court order the plaintiff to necessarily take the action to permit the divorce to be granted.

4. If it were otherwise, the idea of section 201(c) of the Divorce Code, 23 P.S. §201(c), divorce by *mutual consent,* would be improperly converted into divorce by *unilateral demand,* with a 90-day waiting period as the only condition. The legislature never intended such a result and the legislation clearly does not so provide. The legislature *has* included a provision in the Divorce Code whereby a party may unilaterally obtain a divorce without the consent of (and, indeed, even

We believe that the following language from *Armstrong v. Armstrong, supra,* is directly applicable to this case:

"Finally, it is apparent that the relief requested by plaintiff may not be ordered by the court. The purpose of the affidavit of consent is to evidence a present intention by the party to finalize the divorce. The court cannot order a party to acquire that intention, and, therefore, cannot order a party to sign the affidavit. The court can, and has, conditioned the ability of a claimant to pursue a divorce action or obtain alimony pendente lite on that party's executing an affidavit of consent; however, the failure of the party to execute the affidavit will result only in the termination of alimony pendente lite or the dismissal of claims which the party who fails to file the affidavit is pursuing." *Armstrong, supra,* 34 D.&C. 3d at 572-3.

Accordingly, we hereby enter the following

## ORDER

And now, March 28, 1991, upon consideration of plaintiff's petition for special relief seeking to compel defendant to file an affidavit of consent, for the reasons set forth above, the rule is discharged and the petition is denied.

---

over the objection of) the other party, even where the other party is in no way at fault. The condition precedent to such unilateral action is that the parties shall have lived separate and apart for a period of at least two years. Until that condition is met (or some other provision of the Divorce Code somehow becomes applicable), there would not appear to be any basis upon which this court may grant a divorce unless and until defendant voluntarily files her affidavit of consent.